Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
William E. WRIGHT, Plaintiff,
v.
Robert SNYDER, Warden, William Oettel, and Jay King, Cert Officers Defendants.
**No. Civ.A 00-490-SLR.**

July 8, 2002.

Inmate filed pro se civil rights action pursuant § 1983 alleging that warden had knowledge of excessive use of force and failed to enforce proper institutional procedures, and that correctional officers utilized unnecessary and excessive physical and chemical forces on him, as well as harassed and humiliated him in front of other officers. Warden and officers filed motion for summary judgment. The District Court, Robinson, J., held that: (1) inmate exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, as prerequisite to bringing §1983 claim; (2) inmate failed to establish that correctional officers used unnecessary, excessive force in response to his conduct; and (3) inmate failed to establish that warden knew and accepted that excessive force was used on him.

Motion granted.

West Headnotes

[1] **Civil Rights** 78 €══1311

78 Civil Rights
  78III Federal Remedies in General
    78k1306 Availability, Adequacy, Exclusivity, and Exhaustion of Other Remedies
      78k1311 k. Criminal Law Enforcement; Prisons. Most Cited Cases
(Formerly 78k194)
Inmate exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, as prerequisite to bringing §1983 claim against warden and correctional officers for alleged excessive use of force; inmate filed proper grievance procedures, and all requests for investigation of incident or for relief were denied. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. §1983; Prison Litigation Reform Act, 42 U.S.C.A. §1997e(a).

[2] **Prisons** 310 €══13(4)

310 Prisons
  310k13 Custody and Control of Prisoners
    310k13(4) k. Particular Violations, Punishments, and Deprivations; Use of Force. Most Cited Cases

**Sentencing and Punishment** 350H €══1548

350H Sentencing and Punishment
  350HVII Cruel and Unusual Punishment in General
    350HVII(H) Conditions of Confinement
      350Hk1548 k. Use of Force. Most Cited Cases
Inmate failed to establish that correctional officers used unnecessary, excessive force in response to his conduct, as required to establish Eighth Amendment claim against officers; inmate's actions demonstrated that he refused to obey officers' procedural orders to allow them to search his body cavity for contraband, use of pepper spray was reasonably related to need, since both officers believed that inmate was lunging towards officer in a threatening manner, purpose was to subdue inmate, and officers tempered severity of their response by taking inmate to see a nurse at prison health services after he was sprayed, where nurse relieved burning sensations from inmate's facial areas. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[3] **Civil Rights** 78 €══1420

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d											Page 2

Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

78 Civil Rights
   78III Federal Remedies in General
      78k1416 Weight and Sufficiency of Evidence
         78k1420 k. Criminal Law Enforcement; Prisons. Most Cited Cases
         (Formerly 78k242(5))
Inmate failed to establish that warden knew and accepted that excessive force was used on him as required to hold warden liable under §1983; inmate did not submit any supporting evidence demonstrating that warden possessed supervisory duties over correctional officers. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. §1983.

William E. Wright, Delaware Correctional Center, Smyrna, Delaware. Plaintiff, pro se.
Ophelia M. Waters, of the Delaware Department of Justice, Wilmington, Delaware. for Defendants.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 On May 16, 2000, plaintiff William Wright filed a civil rights action pursuant to 42 U.S.C. § 1983 initially alleging that defendant Robert Snyder, Warden, had knowledge of excessive use of force and failed to enforce proper institutional procedures. (D.I.2) On May 7, 2001, plaintiff amended his initial complaint adding allegations that defendants William Oettel and Jay King, Correctional Emergency Response Team ("CERT") officers, utilized unnecessary and excessive physical and chemical forces on him, as well as harassed and humiliated plaintiff in front of the other CERT officers. (D.I.25) Plaintiff claims that defendants' inaction and use of excessive physical and chemical forces constitute cruel and unusual punishment under the Eighth Amendment. (*Id.*) The court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331. Currently before the court is defendants' motion for summary judgment. For the reasons discussed below, defendants' motion is granted.

II. BACKGROUND

On March 30, 2000, defendant Snyder requested CERT officers to conduct a "shakedown" of the Delaware Correctional Center's main compound ("DCC") for drugs, weapons and other contraband inside each cell. (D.I.45, Ex. E) Defendants Oettel and King were teamed together to conduct strip and body cavity searches in accordance with institutional policies. (D.I.45, Ex. F) Plaintiff and a fellow inmate were ordered by Oettel to strip their clothes off so they could be searched for contraband, to which they complied. Oettel then ordered plaintiff to "either bend over and spread the cheeks of his buttocks or squat down and cough." (D.I.25) The parties offer different versions of exactly what happened next.

According to plaintiff, he retorted "you spread my cheeks," while maintaining a spread eagle position. (D.I.25) Contrarily, defendants Oettel and King both state that plaintiff told Oettel that he was not going to comply and retorted back the above phrase colored with obscenities. According to defendants Oettel and King, plaintiff came towards Oettel in a threatening manner and King sprayed plaintiff with Cap-Stun®, a pepper spray, once.[FN1] When King sprayed plaintiff, the other inmate reportedly lunged at Oettel and he also responded by spraying the other inmate. (D.I.45, Exs.F, 61-64)

> FN1. Oettel's report states that plaintiff was only sprayed once, while King's report and plaintiff's complaint allege that he was sprayed twice. (D.I. 25; D.I. 45, Exs. F, 61-64)

Both plaintiff and defendants Oettel and King agree that plaintiff and the other inmate were placed in handcuffs and removed from their cell area, where they were treated by the medical nurse on duty. (D.I. 25; D.I. 45, Ex. F) Plaintiff states that the nurse treated his eye irritation, and the medical notes indicate "no other trauma seen ... denies other injuries." (D.I.45, Ex. F) Defendant Snyder was neither actively involved in the shakedown, nor supervised the shakedown or any activities that took place inside plaintiff's cell. (D.I.45, Ex. E)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff followed grievance procedures and filed grievance form # 584 with the grievance committee. (D.I.25) He also wrote to defendant Snyder and Deputy Warden Betty Burris, seeking the return of his personal items, as well as for further clarification about the disputed incident. (D.I.45, Ex. C) Moreover, plaintiff requested a formal investigation from the Office of the Institutional Investigator. (D.I.25)

### III. STANDARD OF REVIEW

*2 A court shall grant summary judgment only if " the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden to demonstrate that no genuine issue as to any material fact is present. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial." ' *Matsushita,* 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will " view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995).

However, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment; the function of this motion is to weigh the evidence and determine if a genuine issue is present for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### IV. DISCUSSION

#### A. Plaintiff's Allegations

Plaintiff alleges that he was unnecessarily subjected to excessive force by defendants Oettel and King for making an innocent, sarcastic comment without intending any physical or verbal threat. Plaintiff also alleges that defendants Oettel and King purposely humiliated him publicly by parading him into DCC's work area, and had the other officers taunt and mock him. Plaintiff claims that he suffered genital and facial burning from the pepper spray. Moreover, plaintiff alleges that defendant Snyder should have taken official action against Oettel and King upon learning of the situation. At this time, plaintiff seeks punitive damages under the cruel and unusual punishment clause of the Eighth Amendment. (D.I.25) Plaintiff is not seeking compensatory damages for personal items, since he indicates they have been returned to him. (D.I. 13 at Ex. B)

#### B. Plaintiff's Failure to Exhaust Administrative Remedies

Defendants argue that plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act (" PLRA"), 42 U.S.C. § 1997e(a). [FN2] Before filing a civil action on an excessive force claim, a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative process. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See also Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (stating that Section 1997e(a) "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

specifically mandates that inmate-plaintiffs exhaust their available administrative remedies"). An inmate has exhausted his available administrative remedies when he has filed a grievance, even if prison officials fail to respond. *See, e.g., Gregory v. PHS, Inc.,* No. 00-467-SLR, 2001 WL 1182779, at *3 (D.Del. Sept.21, 2001). The Supreme Court has ruled that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter,* 534 U.S. 516, 122 S.Ct. at 992, 152 L.Ed.2d 12. *Cf. Wilson v. Seiter,* 501 U.S. 294, 299, n. 1, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

> FN2. The PLRA provides, in pertinent part: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

*3 [1] In the case at bar, the record indicates that plaintiff filed proper grievance procedures, and that all requests for an investigation of the incident or for relief were denied. (D.I.45, Exs.A-D) Although defendants argue that plaintiff failed to follow all the steps an inmate must take in the grievance procedure, as outlined in the "Inmate Reference Manual," they have not produced any evidence in this regard. (D.I.45) Thus, the court finds that plaintiff has exhausted his administrative remedies.

C. Plaintiff's Eighth Amendment Claim

Whenever plaintiff claims that a prison official used excessive physical force, thus violating the cruel and unusual punishment clause, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)) (as cited in *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Plaintiff does not have to demonstrate serious injury, although the extent of injuries suffered is a factor in determining whether the use of force was necessary or not. *Hudson,* 503 U.S. at 7. *See also Brooks v. Kyler,* 204 F.3d 102, 104 (3d Cir.2000) (holding that there is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force). Other factors considered in determining whether the use of force was wanton and unnecessary include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Hudson,* 503 U.S. at 7 (quoting *Whitley,* 475 U.S. at 321).

[2] The court finds that plaintiff has not demonstrated a genuine issue of material fact as to whether defendants Oettel and King used unnecessary, excessive force in response to plaintiff's conduct. First, although plaintiff states that he made an innocent remark, his actions demonstrate that he refused to obey the defendants' procedural orders to allow them to search his body cavity for contraband. (D.I.45, Ex. D) As Institutional Investigator Ron Drake stated in a letter dated April 2, 2000, "This entire situation would have been avoided if you complied with the orders as all of the other inmates in 'D' building had done." (*Id.*) Moreover, defendants Oettel and King's claim that plaintiff lunged at Oettel is a reasonably perceived threat, thus justifying the use of force. [FN3] (D.I.45, Exs.F, 61-64)

> FN3. In his response to defendants' motion for summary judgment, plaintiff claims that he and the other inmate could not have charged at them because of the size of the cell. (D.I.46) Plaintiff produced no supporting evidence to disclose the actual cell size or verify how the cell was too small for anyone to charge at another. Nor did plaintiff produce substantial evidence

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 5
Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

to support that he or the other inmate did not lunge at either Oettel or King. (D.I.25)

Second, the amount of force used (pepper spray) was reasonably related to the need, since both Oettel and King believed that plaintiff was lunging towards Oettel in a threatening manner, and Cap-Stun®'s purpose is to subdue "unruly subjects." [FN4] (D.I.45, Exs.F, 61-64) *See Brooks,* 204 F.3d at 107 (where de minimis use of physical force does not violate the Eighth Amendment, unless in extreme instances). In addition, the use of handcuffs appears reasonably related to the need, since plaintiff would no longer be a threat to Oettel and King when handcuffed. (D.I.45, Ex. F) Finally, Oettel and King tempered the severity of their response by taking plaintiff to see a nurse at Prison Health Services after he was sprayed, where the nurse relieved the burning sensations from plaintiff's facial areas. (D.I.45, Ex. F)

> FN4. The evidence presented confirmed that King "utilized capstan [sic] in order to gain [plaintiff's] compliance in fulfilling his order." (D.I.45, Ex. D)

*4 [3] Plaintiff has also failed to satisfy the burden of proof that defendant Snyder knew and accepted that excessive force was used on plaintiff. *Bracey v. Grenoble,* 494 F.2d 566, 571 (3d Cir.1974) (holding that the burden is on the plaintiff to prove the facts of actual knowledge and acquiescence of the alleged superior official). *See also Gay v. Petcock,* 917 F.2d 768, 771 (3d Cir.1990). Plaintiff did not submit any supporting evidence demonstrating that Snyder possesses supervisory duties over CERT officers. Snyder states in his affidavit that "CERT is a separate entity from the DCC and as such is under the direction of the CERT Commander." (D.I.45, Ex. E) The evidence indicates that Snyder only had the power to make an initial request for "shakedowns." (*Id.*)

### V. CONCLUSION

For the reasons stated, defendants' motion for summary judgment is granted. An appropriate order shall issue.

### ORDER

At Wilmington this 8th day of July, 2002, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that defendants' motion for summary judgment (D.I.45) is granted. The clerk shall enter judgment in favor of the defendants.

D.Del.,2002.
Wright v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1821583 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00490 (Docket) (May. 16, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.