IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT PIPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-341-SLR |
| | ) | |
| RICK KEARNEY, DAVID JACOBS and D.O.C., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

COME NOW, Defendants Rick Kearney and David Jacobs, by and through undersigned counsel, Deputy Attorney General Lisa Barchi, and move this Honorable Court to deny Plaintiff's request for appointment of counsel. In furtherance of their motion, the Defendants represent as follows:

1. Robert Piper. is an inmate housed within the Delaware Correctional system at the Sussex Correctional Institution ("SCI") located in Georgetown, Delaware.

2. On or about May 27, 2003, Plaintiff commenced this action by filing a Complaint pursuant to 42 *U.S.C.* §1983 with leave to proceed *in forma pauperis* against the above captioned Defendants. (Complaint, *passim*) (D.I.1, 2). On or about July 6, 2005 the Plaintiff filed a motion for appointment of counsel. (D.I.6). The motion was subsequently denied. (D.I. 9).

3. In support of his motion for appointment of counsel, Plaintiff enumerates the following: 1) information that he requires to support his claim is being denied to him; 2) he wants to get affidavits from people he is not allowed to speak to; 3) he is being denied access to paperwork claiming it is "classified as security." (*See* Plaintiff's Motion for Appointment of

Counsel, ¶ 3). Each of the factors set forth in Plaintiff's Motion for Appointment of Counsel are present to some degree in any civil case filed by an incarcerated plaintiff.

    4.    *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (*See  Smith-Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id* at 26, *accord, Pierce v. Vaughn*, C.A.No. 92-3040, 1992 WL 210122 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* C.A. No. 92-1854, 1992 WL 236869 (E.D.P.A. Sept. 15, 1992). (*See* attached)  The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

    5.    This suit is based on Plaintiff's allegations that his civil liberties were violated when he was cap-stun was used when he repeatedly refused to obey an order by a correctional officer.

    6.    Plaintiff has stated the facts of his case in a relatively clear manner. The factual and legal issues in this case are not complex. This case is straightforward, with his claim focusing on one incident. Therefore, the documentation is not extensive. At this time Plaintiff has demonstrated that he is fully capable of litigating this lawsuit, as evidenced by the motions

he has filed, and his ability to follow the Court's directions regarding payment of the filing fee and service on the defendants.

7.   Additionally, the basis for Plaintiff's request is that he has been denied documents that he needs to respond to Defendants' motion to dismiss. However, Plaintiff fails to state what documents he has been denied or name the people he claims he cannot speak to in order to obtain affidavits. As stated above, the documentation regarding this narrowly drawn claim is not overwhelming. In fact, much of the pertinent documentation has already been supplied to Plaintiff in the form of exhibits in Defendants' motion to dismiss.

Defendants cannot respond to Plaintiff's claim that he does not have access to certain people in order to obtain affidavits, because they do not know who Plaintiff believes he needs to speak with. Inmates are not allowed to communicate with inmates in other housing units at SCI. The people Plaintiff may wish to speak to may be in different housing units, or may no longer be in the institution. Plaintiff has the ability to make arrangements to speak to other prisoners in different housing units, for the purpose of obtaining affidavits, by speaking to his counselor. If the people he requires statements from can be located, then arrangements will be made for Plaintiff to speak to those people. Therefore, Plaintiff has failed to demonstrate that he has any legitimate need for the appointment of legal counsel.

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court deny the Plaintiff's Motion for appointment of counsel.

                                                    **STATE OF DELAWARE**
                                                    **DEPARTMENT OF JUSTICE**

                                                    /s/ Lisa Barchi
                                                    Deputy Attorney General
                                                    Department of Justice
                                                    820 N. French Street, 6th floor
                                                    Wilmington, DE 19801
                                                    (302) 577-8400

Date: April 7, 2006								lisa.barchi@state.de.us

## CERTIFICATE OF SERVICE

      I hereby certify that on April 7, 2006 I electronically filed *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on April 7, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

    Robert Piper
    SBI #170365
    Sussex Correctional Institution
    P.O. Box 500
    Georgetown, DE 19947

                                            STATE OF DELAWARE
                                            DEPARTMENT OF JUSTICE

                                            /s/ Lisa Barchi
                                            Lisa Barchi
                                            Deputy Attorney General
                                            Department of Justice
                                            820 N. French Street, 6th Floor
                                            Wilmington, DE 19801
                                            (302) 577-8400
                                            lisa.barchi@state.de.us