IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT PIPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 05-341-SLR |
| | ) |
| D.O.C., RICK KEARNEY and | ) |
| DAVID JACOBS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW, Defendants Kearney and Jacobs, through the undersigned counsel and reply to Plaintiff's answer to Defendants' motion to dismiss. In support of their reply, Defendants state the following:

**STATEMENT OF FACTS**

Robert Piper ("Piper" or "Plaintiff") filed this lawsuit on May 27, 2005, claiming an Eighth Amendment violation, alleging excessive force. (D.I. 2) This claim stems from an incident when Plaintiff failed to obey an order, and was cap-stunned by Officer Jacobs. Defendants filed a motion to dismiss on March 2, 2006. (D.I. 19).

When Plaintiff failed to respond to Defendants' motion to dismiss, an order setting a briefing schedule was filed on April 6, 2006, giving Plaintiff until May 5, 2006 to answer Defendants' motion to dismiss. (D.I. 23). On June 8, 2006, Plaintiff filed an answer with the Court that was found to have a deficiency in the pleading. (D.I.26).

**I. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND THUS DEFENDANTS' MOTION TO DISMISS/SUMMARY JUDGMENT SHOULD BE GRANTED.**

    **A.**     **Plaintiff does not dispute the material fact that he failed to obey an order.**

In his complaint or answer to Defendants' motion to dismiss, Plaintiff does not dispute the most basic, material fact that is at the core of this case: he repeatedly failed to obey an order by Officer Jacobs. Piper never mentions or disputes that he failed to obey an order. For the first time, in his answer, Piper specifically addresses some of the facts. However, he focuses on facts that are not material such as: whether he stopped by a table and whether he was stuffing food in his mouth. (D.I. 28 at ¶¶ 2-3). He says nothing about being ordered to stop and put down his tray. Whether he stopped or was stuffing food in his mouth does not create a genuine issue of material fact for trial.

Piper avoids the reason he was cap-stunned in both his complaint and answer  The Supreme Court has defined a genuine issue over a "material fact" as a dispute "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986). The mere existence of "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material fact*." *Id.* at 247-48. (emphasis added). Further, a summary judgment motion will not be defeated on the basis of conjecture or surmise. *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir. 1991). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to some material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). [T]he court is not required to turn a blind eye to contradictions in a party's submissions to the court." *Howell v. Sam's Club,* 959 F. Supp. 260, 264 n.7 (E.D. Pa. 1997). Generally, the court should not assess credibility on summary judgment. "However, when evidence is so contradictory and fanciful that it cannot be believed by a reasonable person, it may be disregarded." *Jeffreys v. Rossi,* 275 F. Supp. 2d 463, 476 (S.D.N.Y. 2003). When the

allegations rise to the level of the irrational or wholly incredible, the court can "pierce the veil of the complaint's factual allegations" to weigh their credibility. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

That fact that Piper failed repeatedly to obey an order, and the steps taken by the officer to maintain order are material facts in evaluating an Eighth Amendment claim alleging excessive force. Yet Piper never disputes these facts and the defendants' stated reason for the use of cap-stun. Taking Piper's allegations in his complaint and answer as true, a fact finder would have to believe that Plaintiff was singled out of a crowd of sixty four inmates and cap-stunned by Officer Jacobs for no reason. Piper's complaint and answer, if accepted as true, paint a picture of a person minding his own business who was cap-stunned without cause. Piper expects that a reasonable person will believe that the officer would risk the unpleasant effects of being close to the spray when cap-stunning him for no reason. His pleadings never dispute the overarching, core reason he was cap-stunned: he failed to obey a repeated order by Officer Jacobs, thus setting the subsequent events in motion. The incident report and the disciplinary report were written contemporaneously with the occurrence of the events. (*See* disciplinary and incident report, attached as Exhibit "A"). The affidavit of Officer Jacobs[1], the incident report and the disciplinary report all highlight the fact that Piper refused to obey an order. Piper disputes two immaterial facts in his answer, the first and only time he provides even minimal detail about his version of the events. However, Piper's denial of immaterial facts, coupled with his silence regarding the material fact that he repeatedly refused to obey an order demonstrate that there are no genuine issues of material fact for trial.

---

[1] The affidavit of Officer Jacobs is attached to the motion to dismiss memorandum of points and authorities as Exhibit "B".

### B. Plaintiff's complaint should be dismissed because his pleadings do not meet the standard for stating a claim against the defendants.

Plaintiff's complaint does not provide even the basic facts about the foundation of his claim. In his complaint Piper vaguely states "I had my rights violated by the demand of throwing away my food and being repeatedly cap-stunned for asking to see the Lieutenant." (Complaint at p. 3). The complaint is so uninformative that when reviewing it Defendants had only the date cited by Plaintiff as a place to start looking for information about the alleged incident.

When testing the sufficiency of Plaintiff's claim it is well settled that:

> While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions. The plaintiff need not include evidentiary detail, but must allege a factual predicate concrete enough to warrant further proceedings.

2-12 James Wm. Moore, et al., Moore's Federal Practice §12.34[1][b] at 12-61 -12-63 (Matthew bender Co. 2005)(rel. 134-6/02 Pub. 410)(footnote and citations omitted). Further, though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed.").

In the statement of claim in his complaint and his answer to the motion to dismiss, Piper never mentions Warden Kearney, and what he specifically did that violated Piper's constitutional rights. Nor does he mention Officer Jacobs. Neither defendant has been placed on notice of what transgressions each of them supposedly committed. In Defendants' motion to dismiss/summary judgment the criteria for an Eighth Amendment violation regarding excessive force is outlined, discussed, and the evidence is used as exhibits. Piper does not use that well

settled law or the evidence to refute Defendants' explanation of how the facts of this case state a claim for cruel and unusual punishment according to the Eighth Amendment jurisprudence. Instead, Piper repeats his implausible, bald allegations which fail to state any cognizable claim for a violation of the Eighth Amendment. (Answer, at ¶¶ 2-9). Assuming *arguendo* that all of the factual allegations in plaintiff's complaint and answer are accepted as true, Plaintiff's claim is appropriately dismissed pursuant to Fed.R.Civ. P.12(b)(6) for failure to state a claim. Plaintiff does not provide a factual predicate that states a viable claim against the defendants.

According to Fed. R. Civ. P. 12(b)(6), if, on a motion to dismiss......matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Therefore, the standard applicable to the present motion is whether specific facts exist showing that there is a genuine issue for trial. *Celotex Corp., v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). More specifically, Fed. R. Civ. P. 56(c) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The party opposing summary judgment carries the burden of showing a genuine issue of material fact. The moving party bears the initial burden of proof, but this burden may be discharged if an absence of evidence supporting the opposing party's claim is demonstrated. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Defendants have met their burden. In response, Plaintiff has only repeated his allegations and does not provide any genuine issues of material fact for trial.

II.   **PLAINTIFF'S STAEMENTS IN HIS ANSWER FAIL TO STATE A CLAIM FOR AN EIGHTH AMENDMENT VIOLATION.**

The statements Piper makes in his answer to the motion to dismiss do not address the criteria for an Eighth Amendment violation regarding excessive force, or articulate any facts that state a claim that the defendants violated the Eighth Amendment. Piper has nine numbered paragraphs in his answer. A review of each shows only conclusory statements and bald allegations.

In paragraphs two, three, five and six Piper makes vague allegations regarding an Eighth Amendment violation. The statements do not allege: 1) how the use of the cap-stun is a use of force that is "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).; 2) how the use of cap-stun was out of proportion to his conduct. *Johnson v. Berezansky*, 2005 WL 1026723, at *4 (D. Del. April 28, 2005).; 3) how spraying Plaintiff with cap-stun was not in proportion to his disorderly conduct, and how Defendants' actions were malicious or sadistic. *Wilson v. Reinhart*, 2003 WL 21756393, at *4 (D.Del. July 29, 2003); *Reyes v. Chinnici*, 54 F. Fed Appx. 44, 48 (3rd Cir. 2002).

Piper denies two immaterial facts in paragraphs two and three, and repeats a vague, bald allegation that his Eighth Amendment rights were violated in paragraph six. In paragraph seven Piper skips over his culpability and instead attempts to blame the officer for not following *his* (Piper's) instructions to check a log book. Piper is expected to obey orders. When he does not obey orders, prison officials are accorded deference when using force to maintain and restore order and discipline. *Whitley*, 475 U.S. at 320-321; *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Piper's statement in paragraph seven appears to be an attempt to ignore culpability for failing to obey orders by attempting to shift blame for the events to the officer for not listening to Piper's instructions. The statement does not state a claim for an Eighth Amendment violation.

In his complaint and answer, Plaintiff never alleges any injury. In paragraph eight he attempts to shift the focus away from his apparent lack of injury, by claiming that he was not able to "make and mail and incident report." (Answer, at ¶ 8). However, a reading of Plaintiff's grievance submitted approximately one hour after the incident is evidence that he did have access to grievance forms even after he was moved to administrative segregation. (*See* exhibit "D" attached to the motion to dismiss memorandum of points and authorities, D.I. 20). Plaintiff had the opportunity in both his complaint and answer to claim injuries, yet did not. That Plaintiff did not claim any injury is an indication that the force used was not excessive, as Plaintiff claims. *Wilson*, 2003 WL 21756393, at *4.

Finally, in paragraph nine, Plaintiff claims "all truths will be brought forth if given a chance." (Answer, at ¶ 9). Plaintiff had two chances to state a concrete factual predicate for his claims. However, in his complaint and answer Piper never articulates any facts that allege Warden Kearney's personal involvement in the incident. Warden Kearney shows up as nothing more than a name in the caption with no mention of how he was personally involved in the events. Plaintiff never provides more than bald allegations of excessive force by Officer Jacobs. Because he has failed to provide anything more than vague, amorphous allegations in both his complaint and answer, he has failed to meet the pleading requirements and has failed to state a claim for an Eighth Amendment violation. Piper had two opportunities, yet failed to allege facts sufficient to show that there is a case to pursue,

## **CONCLUSION**

For the reasons stated above, and in the motion to dismiss, and because this is the last pleading allowed with the motion to dismiss, Defendants request that this Honorable Court grant Defendant's motion to dismiss.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  #3927
Deputy Attorney General
Carvel State Office Building
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date:  July 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 21 2006, I electronically filed *Defendants' Reply in Support of their motion to dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on July 21, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Robert Piper
SBI # 170365
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Lisa Barchi
        Lisa Barchi  I.D. # 3927
        Deputy Attorney General
        Department of Justice
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        lisa.barchi@state.de.us