IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT PIPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-341-SLR |
| | ) | |
| RICK KEARNEY, DAVID JACOBS | ) | |
| and D.O.C., | ) | |
| | ) | |
| Defendants. | ) | |

Robert Piper, Georgetown, Delaware.  Pro Se.

Lisa Ann Barchi, Esquire, Department of Justice, Wilmington,
Delaware.  Attorney for Rick Kearney, David Jacobs, and D.O.C.

**MEMORANDUM OPINION**

December 1, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I.   INTRODUCTION

Plaintiff is a pro se litigant who filed this action on May 27, 2005 against defendants. Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (D.I. 1) The court granted plaintiff's motion on June 13, 2005.  Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Currently before the court is a motion to dismiss filed on behalf of defendants.  Also before the court is plaintiff's motion for appointment of counsel.  The court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the reasons that follow, the motion to dismiss will be granted and the motion for appointment of counsel will be dismissed as moot.

## II.   BACKGROUND

On March 3, 2005, plaintiff was an inmate in Sussex Correctional Institution.  At 4:40 p.m. plaintiff reported for dinner with his housing unit.  (D.I. 20, ex. C)  Defendant David Jacobs was the sole correctional officer present while dinner was being served.  (D.I. 20, ex. B at 1)  To maintain order while serving dinner, the facility requires inmates to pass through the line in single file and sit in the next available seat.  (D.I. 20, ex. A at 1; ex. B)

Although the parties' versions of the subsequent events differ, the material facts do not.  At some point during the

meal, defendant Jacobs gave plaintiff an order.[1]  There is no
dispute that plaintiff did not immediately respond to the order.
There is no dispute that defendant Jacobs sprayed Cap-stun in
plaintiff's direction.  Although plaintiff maintains that he was
not permitted to receive medical attention after he was sprayed,
there is no information of record as to whether plaintiff was
injured as a result of the incident at issue.

     After defendant Jacobs used the Cap-stun on plaintiff, other
officers arrived in the dining area.  Plaintiff was handcuffed
and removed from the housing unit.  At the disciplinary hearing
on the matter, plaintiff was charged with, and found guilty of,
disrespect and failure to obey an order.  (D.I. 20, ex. E)
Plaintiff was transferred to another housing unit.  During the
transfer, plaintiff's personal items were moved by correctional
officers.

     Plaintiff filed two grievances related to the above
incident, one in which he complains of being Cap-stunned and one
in which he complains of stolen personal items.  (D.I. 20, exs.
D, F)

## III. STANDARD OF REVIEW

     Because the parties have referred to matters outside the

---

[1]According to defendants, plaintiff was ordered to return to
his cell when he did not take the next available seat; according
to plaintiff, the order was to clear his tray.  (D.I. 20, exs. C,
D; D.I. 25)

2

pleadings, defendant's motion to dismiss shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6); D.I. 20. A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. See Matsushita Elec. Indus.Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587 (quoting Fed. R. Civ. P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 302 (3d Cir. 1995).

If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The mere existence of some evidence in support of the party will not be sufficient for denial of a motion for summary

3

judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999).

## IV. ANALYSIS

### A. Excessive Force

Whenever a plaintiff claims that a prison official used excessive physical force, thus violating the cruel and unusual punishment clause, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)) (as cited in Whitley v. Albers, 475 U.S. 312, 320 (1986)). "Prison administrators. . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). This includes measures taken by prison officials to prevent a disturbance or threat to institutional security.

4

Whitely, 475 U.S. at 322.

The court must consider: 1) the need for the application of force; 2) the relationship between the need and the amount of force that was used; 3) the extent of injury inflicted; 4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and 5) any efforts made to temper the severity of a forceful response. Whitley, 475 U.S. at 321.

Applying the factors to the case at bar, the court finds plaintiff has not demonstrated a genuine issue of material fact. Plaintiff admits he delayed in responding to an order given by defendant Jacobs. Given that defendant Jacobs was the only correctional officer present, plaintiff's failure to timely obey an order created a situation that could have escalated into a serious disruption, thus justifying the need for an application of force.

Second, using Cap-stun was a reasonable application of force given that defendant Jacobs was alone and was faced with an inmate who disobeyed an order in the presence of other inmates. There are no allegations of additional physical force used by defendant Jacobs or any other correctional officer during the incident.

Third, plaintiff claims no injuries. Defendant Jacobs indicates he was unable to make contact with plaintiff because

5

plaintiff was running away. Plaintiff agrees he was sprayed from behind. Neither plaintiff's complaint nor response to summary judgment indicates he suffered any injuries at all.

Fourth, defendant Jacobs acted reasonably considering the threat that plaintiff posed. The court must give deference to prison officials in preventing internal disturbances. As the only correctional officer on duty in the dining facility, defendant Jacobs had to maintain order and discipline before the other inmates. Once one inmate begins a disruption, it can open the door for others to follow.

## B. Plaintiff's Claim Against Warden Kearney and the D.O.C.

"In absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This preclusion from suit includes state officials when "the state is the real, substantial party in interest." Id. at 101 (quoting Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 464 (1945)). "Relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Id. (quoting Hawaii v. Gordon, 373 U.S. 57, 58 (1963)). A State may waive its Eleventh Amendment immunity. Such waiver must be in the form of an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred

6

by the Eleventh Amendment." Ospina v. Dep't. of Corrs., 749 F. Supp. 572, 578 (D. Del. 1990) (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 n.1 (1985)). Because the State of Delaware has not consented to plaintiff's suit or waived its immunity, the Eleventh Amendment protects the Department of Correction from liability.

As to the liability of Warden Kearney in his individual capacity, it is an established principle that, as a basis for liability under 42 U.S.C. § 1983, the doctrine of respondeat superior is not acceptable. Monell v. Dep't. of Social Servs., 436 U.S. 658 (1978). See also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Heine v. Receiving Area Pers., 711 F. Supp. 178, 185 (D. Del. 1989). Personal involvement by a defendant is essential in a civil rights action. See Rode, 845 F.2d at 1207. "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement. Id. Such allegations are required to be "made with appropriate particularity." Id.

Neither plaintiff's complaint nor his response to the motion for summary judgment state facts to suggest any personal involvement in, or knowledge of, the alleged incident by Warden Kearney. Thus, the complaint against defendant Kearney is

7

dismissed.

**C. Plaintiff's Claim of Lost Property**

The court has granted summary judgment in favor of defendants on plaintiff's federal claims. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims for lost property. 28 U.S.C. § 1367(c)(3); Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995).

**D. Motion for Appointment of Counsel**

Plaintiff contends appointment of counsel is warranted, arguing that he cannot get access to documents or witnesses. (D.I. 21) A pro se litigant proceeding in forma pauperis has no constitutional nor statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). Typically, pro se litigants are afforded counsel, if at all, only after a threshold evaluation of the merits of their case. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). In light of the court's finding that summary judgment is appropriate for all defendants, plaintiff's motion for appointment of counsel is denied.

**V. CONCLUSION**

For the reasons stated, defendants' motion for summary judgment is granted. Plaintiff's motion for counsel is denied. An order shall issue.