IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT PIPER,                              ) | |
|          )                              | |
|          Plaintiff,          ) | |
|          )                              | |
|     v.                              )     | Civ. No. 05-341-SLR |
|          )                              | |
| RICK KEARNEY, DAVID JACOBS     ) | |
| and D.O.C.,                              ) | |
|          )                              | |
|          Defendants.          ) | |

Robert Piper, Georgetown, Delaware.  Pro Se.

Lisa Ann Barchi, Esquire, Department of Justice, Wilmington,
Delaware.   Attorney for Rick Kearney, David Jacobs, and D.O.C.

**MEMORANDUM OPINION**

December 1, 2006
Wilmington, Delaware

**ROBINSON, Chief Judge**

## I.    INTRODUCTION

Plaintiff is a pro se litigant who filed this action on May 27, 2005 against defendants. Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1) The court granted plaintiff's motion on June 13, 2005. Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Currently before the court is a motion to dismiss filed on behalf of defendants. Also before the court is plaintiff's motion for appointment of counsel. The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the motion to dismiss will be granted and the motion for appointment of counsel will be dismissed as moot.

## II.   BACKGROUND

On March 3, 2005, plaintiff was an inmate in Sussex Correctional Institution. At 4:40 p.m. plaintiff reported for dinner with his housing unit. (D.I. 20, ex. C) Defendant David Jacobs was the sole correctional officer present while dinner was being served. (D.I. 20, ex. B at 1) To maintain order while serving dinner, the facility requires inmates to pass through the line in single file and sit in the next available seat. (D.I. 20, ex. A at 1; ex. B)

Although the parties' versions of the subsequent events differ, the material facts do not. At some point during the

meal, defendant Jacobs gave plaintiff an order.[1] There is no dispute that plaintiff did not immediately respond to the order. There is no dispute that defendant Jacobs sprayed Cap-stun in plaintiff's direction. Although plaintiff maintains that he was not permitted to receive medical attention after he was sprayed, there is no information of record as to whether plaintiff was injured as a result of the incident at issue.

After defendant Jacobs used the Cap-stun on plaintiff, other officers arrived in the dining area. Plaintiff was handcuffed and removed from the housing unit. At the disciplinary hearing on the matter, plaintiff was charged with, and found guilty of, disrespect and failure to obey an order. (D.I. 20, ex. E) Plaintiff was transferred to another housing unit. During the transfer, plaintiff's personal items were moved by correctional officers.

Plaintiff filed two grievances related to the above incident, one in which he complains of being Cap-stunned and one in which he complains of stolen personal items. (D.I. 20, exs. D, F)

## III. STANDARD OF REVIEW

Because the parties have referred to matters outside the

---

[1]According to defendants, plaintiff was ordered to return to his cell when he did not take the next available seat; according to plaintiff, the order was to clear his tray. (D.I. 20, exs. C, D; D.I. 25)

2

pleadings, defendant's motion to dismiss shall be treated as a
motion for summary judgment. See Fed. R. Civ. P. 12(b)(6); D.I.
20. A party is entitled to summary judgment only when the court
concludes "that there is no genuine issue of material fact and
that the party is entitled to judgment as a matter of law." Fed.
R. Civ. P. 56(c). The moving party bears the burden of proving
that no material issue of fact is in dispute. See Matsushita
Elec. Indus.Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586
(1986).

Once the moving party has carried its initial burden, the
nonmoving party "must come forward with 'specific facts showing
that there is a genuine issue for trial.'" Id. at 587 (quoting
Fed. R. Civ. P. 56(e)). "Facts that could alter the outcome are
'material', and disputes are 'genuine' if evidence exists from
which a rational person could conclude that the position of the
person with the burden of proof on the disputed issue is
correct." Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d
300, 302 (3d Cir. 1995).

If the nonmoving party fails to make a sufficient showing on
an essential element of his case with respect to which he has the
burden of proof, the moving party is entitled to judgment as a
matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986). The mere existence of some evidence in support of the
party will not be sufficient for denial of a motion for summary

judgment; there must be enough evidence to enable a jury
reasonably to find for the nonmoving party on that factual issue.
See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
The court, however, must "view all the underlying facts and all
reasonable inferences therefrom in the light most favorable to
the party opposing the motion."  Pennsylvania Coal Ass'n v.
Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Pacitti v. Macy's, 193
F.3d 766, 772 (3d Cir. 1999).

## IV.  ANALYSIS

### A.  Excessive Force

Whenever a plaintiff claims that a prison official used
excessive physical force, thus violating the cruel and unusual
punishment clause, "the core judicial inquiry is . . . whether
force was applied in a good-faith effort to maintain or restore
discipline, or maliciously and sadistically to cause harm."
Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Johnson v.
Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)) (as cited in Whitley
v. Albers, 475 U.S. 312, 320 (1986)). "Prison administrators. . .
should be accorded wide-ranging deference in the adoption and
execution of policies and practices that in their judgment are
needed to preserve internal order and discipline and to maintain
institutional security."  Bell v. Wolfish, 441 U.S. 520, 547
(1979).  This includes measures taken by prison officials to
prevent a disturbance or threat to institutional security.

4

Whitely, 475 U.S. at 322.

The court must consider: 1) the need for the application of force; 2) the relationship between the need and the amount of force that was used; 3) the extent of injury inflicted; 4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and 5) any efforts made to temper the severity of a forceful response.  Whitley, 475 U.S. at 321.

Applying the factors to the case at bar, the court finds plaintiff has not demonstrated a genuine issue of material fact. Plaintiff admits he delayed in responding to an order given by defendant Jacobs.  Given that defendant Jacobs was the only correctional officer present, plaintiff's failure to timely obey an order created a situation that could have escalated into a serious disruption, thus justifying the need for an application of force.

Second, using Cap-stun was a reasonable application of force given that defendant Jacobs was alone and was faced with an inmate who disobeyed an order in the presence of other inmates. There are no allegations of additional physical force used by defendant Jacobs or any other correctional officer during the incident.

Third, plaintiff claims no injuries.  Defendant Jacobs indicates he was unable to make contact with plaintiff because

5

plaintiff was running away. Plaintiff agrees he was sprayed from behind. Neither plaintiff's complaint nor response to summary judgment indicates he suffered any injuries at all.

Fourth, defendant Jacobs acted reasonably considering the threat that plaintiff posed. The court must give deference to prison officials in preventing internal disturbances. As the only correctional officer on duty in the dining facility, defendant Jacobs had to maintain order and discipline before the other inmates. Once one inmate begins a disruption, it can open the door for others to follow.

**B. Plaintiff's Claim Against Warden Kearney and the D.O.C.**

"In absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This preclusion from suit includes state officials when "the state is the real, substantial party in interest." Id. at 101 (quoting Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 464 (1945)). "Relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Id. (quoting Hawaii v. Gordon, 373 U.S. 57, 58 (1963)). A State may waive its Eleventh Amendment immunity. Such waiver must be in the form of an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred

6

by the Eleventh Amendment." Ospina v. Dep't. of Corrs., 749 F.
Supp. 572, 578 (D. Del. 1990) (quoting Atascadero State Hosp. v.
Scanlon, 473 U.S. 234, 238 n.1 (1985)). Because the State of
Delaware has not consented to plaintiff's suit or waived its
immunity, the Eleventh Amendment protects the Department of
Correction from liability.

As to the liability of Warden Kearney in his individual
capacity, it is an established principle that, as a basis for
liability under 42 U.S.C. § 1983, the doctrine of respondeat
superior is not acceptable. Monell v. Dep't. of Social Servs.,
436 U.S. 658 (1978). See also Rode v. Dellarciprete, 845 F.2d
1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison
Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Heine v.
Receiving Area Pers., 711 F. Supp. 178, 185 (D. Del. 1989).
Personal involvement by a defendant is essential in a civil
rights action. See Rode, 845 F.2d at 1207. "Allegations of
personal direction or of actual knowledge and acquiescence" are
adequate to demonstrate personal involvement. Id. Such
allegations are required to be "made with appropriate
particularity." Id.

Neither plaintiff's complaint nor his response to the motion
for summary judgment state facts to suggest any personal
involvement in, or knowledge of, the alleged incident by Warden
Kearney. Thus, the complaint against defendant Kearney is

7

dismissed.

## C.  Plaintiff's Claim of Lost Property

The court has granted summary judgment in favor of
defendants on plaintiff's federal claims.  The court declines to
exercise supplemental jurisdiction over plaintiff's state law
claims for lost property.  28 U.S.C. § 1367(c)(3); Borough of
West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995).

## D.  Motion for Appointment of Counsel

Plaintiff contends appointment of counsel is warranted,
arguing that he cannot get access to documents or witnesses.
(D.I. 21)  A pro se litigant proceeding in forma pauperis has no
constitutional nor statutory right to representation by counsel.
See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).
Typically, pro se litigants are afforded counsel, if at all, only
after a threshold evaluation of the merits of their case.  Tabron
v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  In light of the
court's finding that summary judgment is appropriate for all
defendants, plaintiff's motion for appointment of counsel is
denied.

## V.  CONCLUSION

For the reasons stated, defendants' motion for summary
judgment is granted.  Plaintiff's motion for counsel is denied.
An order shall issue.